IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00168-MR

| | |
|---|---|
| ALBERT MARQUAVIOUS LAMAR, ANDERSON, ) ) ) Plaintiff, ) ) vs. ) ) ERIC DYE, et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint. [Doc. 1]. Also pending are the Plaintiff's pro se "Motion to Purpose Exhibits" [Doc. 12], "Motion for Forensic's [sic] File Examination Order" [Doc. 13], and "Motion for Intimidation from the Defendants Resulting in Involuntary Actions" [Doc. 14]. The Plaintiff is proceeding in forma pauperis. [Doc.8].

I.  **BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1].

---

[1] The Plaintiff has now been released from custody.

The Plaintiff names as Defendants the Alexander CI, Alexander CI's "Medical Provider" which he believes to be Southern Health Partners, and the following Alexander CI employees: Eric Dye, the superintendent; Jeffrey Duncan, the assistant warden; John Doe Physical Therapy Nurse (PTN); April Parker, a unit manager; FNU Wilkinson, FNU Dullah, FNU Cook, and John Does 1, 12, 13, and 14, correctional officers; FNU Byrd and John Does 2 and 3, sergeants; FNU Jonathan and John Doe 4, lieutenants; John Does 5 through 11, armored correctional officers; and FNU Cox, A. Rein, FNU Gonzalez, FNU Shoemaker, and John Does 15 and 16, nurses. [Doc. 1]. In the Complaint, the Plaintiff alleges that he was sexually abused, harassed, and attacked by other inmates at his prior institution, Maury CI. He alleges that his nose was broken in the attack and that he received surgery at an outside hospital on October 26, 2021. After a brief visit to Central Prison, was transferred to Alexander CI to recover on October 27, 2021.[2] He asserts Eighth Amendment claims for the treatment he has received at Alexander CI, including sexual abuse, deliberate indifference to his serious medical needs, the use of threatening and insulting language, the use of excessive force, and inhumane housing conditions. [Doc. 1 at 18-30]. He claims that

---

[2] The Plaintiff has a lawsuit pending in the Eastern District of North Carolina addressing incidents that allegedly occurred before his arrival at Alexander CI, Case No. 5:21-ct-3289-FL.

he is in imminent danger from prison employees, and is "afraid for [his] life [because he] ate a tray[,] went to sleep and when [he] woke up [he] couldn't see nothing but worms…." [Id. at 8]. He seeks immediate release,[3] $3.2 million in compensatory damages, and $3.6 million in punitive damages. [Id. at 15].

After filing the Complaint, the Plaintiff filed several Motions in which it appeared that he was attempting to amend the Complaint. In an Order issued on January 5, 2022, the Court denied the Motions, informed the Plaintiff that piecemeal amendment would not be permitted, and gave the Plaintiff until February 4, 2022 to file a superseding Amended Complaint. [Doc. 11]. The Court cautioned the Plaintiff that, if he failed to comply with the Order, it would proceed on the Complaint as originally filed. [Id.]. The time to amend has expired and no Amended Complaint has been filed. The Court will accordingly review the Complaint for frivolity.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[3] This relief is beyond the purview of a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus). Moreover, this claim is moot because the Plaintiff is no longer incarcerated. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (prisoner's release from the maximum security unit mooted his challenge to that unit's policy).

3

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). [4]

### A. Venue

The Complaint addresses incidents that were alleged to have occurred at Maury CI and Central Prison, both of which are located in the Eastern District of North Carolina. See 28 U.S.C. § 1391(b). Further, the allegations in the Complaint regarding these institutions appear to be at least partially duplicative of a case that is pending in the Eastern District, Case No. 5:21-ct-3289-FL. Accordingly, these claims are dismissed without prejudice, and the Court will only review the incidents that were alleged to have occurred after the Plaintiff arrived at Alexander CI.

### B. Parties

The Plaintiff names as a Defendant the Alexander CI. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, NCDPS facilities are not "persons" under § 1983. See Fox v. Harwood, No. 1:09-cv-160-MU-02, 2009 WL 1117890 at *1 (W.D.N.C. Apr.

---

[4] The Plaintiff's claims have been liberally construed and restated. Many of the allegations are not attributed to a specific Defendant or Defendants, or are so trivial, nonsensical, or outlandish that they do not warrant separate discussion. Any claim or argument not specifically addressed in this discussion has been considered and rejected.

24, 2009). Accordingly, the Plaintiff's claims against Alexander CI are dismissed with prejudice.

The Plaintiff also purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

The Plaintiff names as a Defendant the "medical provider" for Alexander CI, which he believes to be Southern Health Partners. [Doc. 1 at 29-30]. A private company that provides medical services to a publicly-run prison or jail is usually considered to be a state actor that is amenable to suit under § 1983. See West v. Atkins, 487 U.S. 42 (1988); Conner v. Donnely, 42 F.3d 220, 224 (4th Cir. 1994). However, such a private company is liable under § 1983 only when "an official policy or custom of the corporation

caused the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted); Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Liability cannot be based on respondeat superior alone. Monell, 436 U.S. at 691; Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982). The Plaintiff complains that he received inadequate medical care at Alexander CI, and that this was due to the "inhumane practices of … Southern Health Partners." [Doc. 1 at 30]. He explains that "[t]hese policies are perhaps the most cost effective method of providing the bare minimum of medical care to the despicable depraved degenerates but it often prolongs suffering." [Id. at 29-30]. The Plaintiff's vague allegations fail to identify a policy or custom of Southern Health Partners upon which a Monell claim could rest, and he appears to rely on respondeat superior. Accordingly, he has failed to state a claim against Southern Health Partners and it will be dismissed as a Defendant.

    **C.    Eighth Amendment Violations**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component – that the harm inflicted was sufficiently

7

serious – and a subjective component – that the prison official acted with a sufficiently culpable state of mind. <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996).

First, the Plaintiff alleges that several Defendants pressured him to undergo a state-mandated tuberculosis (TB) test on November 2 and 6, to which he finally submitted on November 18 after John Doe Nurses 15 and 16, and unit manager April Parker threatened to have him held down if he would not comply. [Doc. 1 at 26, 28]. The Plaintiff has failed to explain how a TB test was sufficiently serious to satisfy the Eighth Amendment's objective component. Nor does he allege any facts that would suggest that Defendants' actions resulted from a sufficiently culpable state of mind, rather than to further a legitimate penological interest. <u>See</u> <u>generally</u> <u>King v. Rubenstein</u>, 825 F.3d 206, 222 (4th Cir. 2016). This claim is dismissed.

Second, the Plaintiff appears to allege that the TB test amounted to sexual abuse:

> I have now become a victim of sexually abuse by Alexander employees… I have been entered with specimens that were rooted in my food and feel as thow I've been rape by a group of men that are suppose to protect me. This is a very hard impact on my life. Officer Cook didn't only endanger me when he said that TB test gave me Aids he endangered the life and jobs of everyone that attended that setting on Nov. 8th 2021. I feel lost I am suffering stomachaches, headaches, and changes in sleep patterns. I am so embarrassed by threats from officer's

> to engage in the activities described in my rejected grievance, I told them 'no' I said stop it now but they kept going (tear's).

[Doc. 1 at 6 (grammatical errors and misspellings in original]. This nonsensical and outlandish claim is dismissed.

Third, the Plaintiff alleges that various Defendants threatened him, taunted him, and used insulting language. [Doc. 1 at 19-20, 23-24, 29]. However, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005). These claims are therefore dismissed.

Fourth, the Plaintiff alleges that John Doe 5 sprayed him with a gratuitous amount of pepper spray after the Plaintiff refused to cooperate with a cell transfer. [Doc. 1 at 24-25]. The subjective standard for an excessive force claim requires proof of malicious or sadistic action by a prison official. This is because prison "[o]fficials are entitled to use appropriate force to quell prison disturbances." Williams, 77 F.3d at 761. "Because officials must act 'in haste, under pressure, and frequently without the luxury of a second chance,' deliberate indifference is not a sufficiently rigorous standard." Id. (citing Whitley, 475 U.S. at 320). "Rather, in these circumstances, in order to make out an Eighth Amendment claim, a prisoner must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm." Id. (internal quotations and citation

9

omitted). This claim is self-defeating because the Plaintiff admits that he refused to comply with a direct order, and was pepper sprayed as a result of his refusal. The Plaintiff does not allege any facts that would suggest that Defendant John Doe 5's actions resulted from a sufficiently culpable state of mind, rather than to quell the Plaintiff's admitted disobedience. He has failed to state an excessive force claim under these circumstances, and this claim is dismissed without prejudice.

Fifth, the Plaintiff alleges that various Defendants exposed him to inhumane conditions of confinement. [Doc. 1 at 19-26, 29]. "The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's

10

Case 5:21-cv-00168-MR   Document 17   Filed 03/02/22   Page 10 of 17

necessities.'" Id. at 298 (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). A prison official is deliberately indifferent if he has actual knowledge of, and disregards, a substantial risk of harm to a prisoner. Farmer, 511 U.S. at 832. The Plaintiff's allegations that the Defendants exposed him to inhumane conditions are insufficiently serious, outlandish, and too vague and conclusory to state a claim against any Defendant. This claim is dismissed without prejudice.

Sixth, the Plaintiff alleges that various Defendants were deliberately indifferent to his serious medical needs. [See Doc. 1 at 18-30]. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so

11

Case 5:21-cv-00168-MR   Document 17   Filed 03/02/22   Page 11 of 17

grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The Plaintiff's allegations that the Defendants were deliberately indifferent to his serious medical needs are insufficient to present a claim that any Defendant knew of, and deliberately ignored, any serious medical need with which the Plaintiff was suffering at that time. See, e.g., Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (a disagreement between an inmate and a physician over the inmate's proper medical care falls short of showing deliberate indifference). Accordingly, the Plaintiff's claims for deliberate indifference to a serious medical need are dismissed without prejudice.

### D. Supervisory Defendants

Finally, the Plaintiff claims that, "[u]pon information and belief, Warden Herring, Warden Fleming, Warden Dye, Warden Duncan, the administrative officials in charge of staffing, hiring, institutional policy settings, and overseeing day to day operations, have consulted and put 'a number on [Plaintiff's] head' which involved Erik Hooks or his replacement's stamp of approval to violate[ ] [Plaintiff's] rights and take [him] down by any means." [Doc. 1 at 17]. This claim will be liberally construed as asserting civil conspiracy and supervisory liability.

As a preliminary matter, this claim cannot proceed against Warden Herring, Warden Flemming, Erik Hooks, or other "administrative officials" because they have not been named as Defendants in this action. See generally Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all parties); see, e.g., Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)).

To establish a civil conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992). An essential element in any conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987) (Section 1985 case). Without such a meeting of the minds, the independent acts of two or more wrongdoers does not amount to a conspiracy. Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981). Where the complaint makes only conclusory allegations of

13

Case 5:21-cv-00168-MR   Document 17   Filed 03/02/22   Page 13 of 17

a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint. See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981). Here, the Plaintiff's allegations against Defendants Dye and Duncan are so vague and conclusory that the Court cannot infer that an agreement or meeting of the minds existed that resulted in the deprivation of a constitutional right. Accordingly, to the extent that the Plaintiff is attempting to state a claim for civil conspiracy under § 1983, it is dismissed.

To the extent that the Plaintiff seeks to assert claims against Defendants Dye and Duncan, such claims appear to rest on a theory of respondeat superior, which is not cognizable under § 1983. Monell, 436 U.S. at 694. Further, the Plaintiff has failed to state a claim against any individual Defendant, so his supervisory claims against Defendants Dye and Duncan based on those violations necessarily fail. See Waybright v. Frederick Cnty., Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

Accordingly, the Plaintiff's claims against Defendants Dye and Duncan are dismissed.

### E. Pending Motions

The Plaintiff has filed several pro se motions that will be discussed in turn. In the "Motion to Purpose Exhibits," the Plaintiff cites Rules 16, 26, and 37 of the Federal Rules of Civil Procedure. He fails to explain why these Rules apply to his case at this early juncture, or describe the relief he is seeking. Accordingly, the Motion is denied.

In the "Motion for Forensic's [sic] File Examination Order," the Plaintiff purports to have enclosed exhibits for DNA testing, none of which were received by the Court; he alleges that he continues to be in imminent danger of irreparable harm; and he asks the Court to "carry Alexander Correctional Institution into bankruptcy relief immediately for conducting an illegal sex ring slavory [sic] act, to abolish[ ] this type of behavior…" [Doc. 13 at 4]. This Motion is nonsensical and is denied.

In his "Motion for Intimidation from the Defendants Resulting in Involuntary Actions," the Plaintiff claims that he is being brainwashed and mistreated by the Defendants; that he is in imminent danger; and he appears to assert that he submitted an Amended Complaint which was altered before it reached the Clerk of Court. This Motion is moot because the Plaintiff is no

15

Case 5:21-cv-00168-MR   Document 17   Filed 03/02/22   Page 15 of 17

longer in custody, and he will have the opportunity to file a superseding Amended Complaint.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The claims against the Alexander CI are dismissed with prejudice, and the remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this order and to otherwise properly state a claim upon which relief can be granted.[5] Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The claims against Alexander CI are **DISMISSED WITH PREJUDICE**.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

---

[5] Blank complaint forms are available on the Court's website, https://www.ncwd.uscourts.gov/local-forms/prose-forms.

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS SO ORDERED.**

Signed: March 2, 2022

Martin Reidinger
Chief United States District Judge