# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00168-MR

| | |
|---|---|
| ALBERT MARQUAVIOUS LAMAR ANDERSON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ERIC DYE, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Propose Defendants" [Doc. 18] and "Motion for Emergency Release" [Doc. 19].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] Before the Complaint was screened for frivolity, the Plaintiff filed a "Motion for Emergency Release" [Doc. 9] and a "Motion to Propose Defendants" [Doc. 10]. In an Order entered on January 5, 2022, the Court denied the Motions as insufficient and improper attempts to amend the

---

[1] The Plaintiff filed this action while he was incarcerated, and he has now been released from custody.

Complaint. [Doc. 11 at 1-2]. This denial was without prejudice for the Plaintiff to file a superseding Amended Complaint. [Doc. 11]. The Plaintiff was specifically cautioned that "[p]iecemeal amendment will not be permitted." [Id. at 2]. The Plaintiff did not amend the Complaint, and on March 2, 2022, the Complaint was dismissed on initial review. [Doc. 17]. The Court dismissed the claims against the Alexander CI with prejudice, dismissed the remaining claims without prejudice, and granted the Plaintiff 30 days to file a superseding "Amended Complaint." [Id. at 16]. The Court again cautioned the Plaintiff that "piecemeal amendment will not be allowed." [Id.].

The Plaintiff did not file an Amended Complaint, and the time to do so has expired. Instead, on March 28, 2022, the Plaintiff filed the instant Motions.[2] [Docs. 18, 19]. In the "Motion to Propose Defendants," he attempts to add as Defendants: "FNU LNU Medical Provider" [id. at 2]; "John/Jane Doe" [id. at 3]; Jancy Johnson, an assistant unit manager; FNU Hansly, FNU Johnson, FNU Luis, FNU Velasco, and FNU Mack, correctional officers; FNU Clawson and FNU Goin, sergeants; and Eddie Buffaloe, the North Carolina Department of Public Safety (NCDPS) secretary. In the "Motion for Emergency Release," he attempts to assert claims of "excessive

---

[2] The instant "Motion to Propose Defendants" and "Motion for Emergency Release" are nearly identical to the documents with the same titles that the Plaintiff previously filed. [Docs. 9, 10].

force First Amendment gross negligence Fourth Amendment health care Fifth Amendment cruel and unusual punishment's Eighth Amendment failure to protect from violence and inadequate medical treatment for mental health." [Doc. 18 at 7]. The Plaintiff reiterates many of the claims that the Court dismissed on initial review, and adds a number of bizarre and outlandish allegations.[3] He seeks $5 million in compensatory damages; $3.2 million in punitive damages; and "emergency relief as [he is] in emminent [sic] danger at more then [sic] serious risks of being irraparably [sic] harmed."[4] [Doc. 19 at 44].

The Plaintiff has failed to file an Amended Complaint, and the time to do so has expired. Rather than filing a superseding Amended Complaint as

---

[3] For instance, he alleges *verbatim:* "I was at a logical method of reasoning in which facts had already been proven and admitted that these medical providers were in a rebellin. I could see that craving desire in the provider threw Nurse Cox eyes egor to engage in my infringement along with the waters of the Mississippi River" [Doc. 19 at 5]; "I had been locked away in a room that had been left in the fashion of a crack house that was built by the man on the couch that skipped school for plumbing" [id. at 7]; "I prepared myself for encroachment, regulation, and mayhem, I began to hear a case of cacodaemonomania start to accumulate with rage there was a strong case of eccentricity arrived at by a clear examination … abiding" [id. at 22]; "These medical professionals of Alexander Correction Institution seem to not want to do so much as provide me with urination to stop my body from being on fire" [id. at 12]; "when I received my [lunch] tray there was <u>excessive</u> red vaginal juice and human? specimens located on the selection of my tray. My mashed potatoes were anointed in an unknown solution that smelled like the heat of passion and my hamburger bun had a thumb print planted on it" [id. at 25-26].

[4] It is unclear why he is seeking immediate release or emergency relief, as he is no longer incarcerated.

3

instructed, he filed the instant Motions which are piecemeal attempts to amend the Complaint, contrary to the Court's January 5 and March 3 Orders. Accordingly, the Motions are denied and this action is dismissed. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

Even if the Motions were construed together as an Amended Complaint, this would not assist the Plaintiff, as he has failed to correct the defects in the original Complaint. For instance, the Plaintiff names the Alexander CI as a Defendant, and he attempts to sue Defendant Buffaloe in his official capacity. [Doc. 18 at 2, 5]. The Court previously dismissed the claims against Alexander CI, and official-capacity claims against NCDPS employees with prejudice, and the present claims against Alexander CI and Defendant Buffaloe fail for the reasons previously stated. [Doc. 17 at 5-6]. The Plaintiff also again asserts claims against Southern Health Partners. [Do. 18 at 5]. However, his allegations are premised on *respondeat superior,*

and his conclusory allusions to policy and custom are insufficient to state a Monell[5] claim. [See Doc. 17 at 6-7].

The Plaintiff reiterates his claims that the Defendants engaged in a conspiracy, and that they violated his Eighth Amendment right by: pressuring and forcing him to undergo state-mandated testing; threatening him and using insulting language; using physical force and pepper spray when he refused to comply with orders; exposing him to inhumane conditions of confinement; and providing deliberately indifferent medical and mental health care. [Doc. 18 at 7; Doc. 19 at 2-35]. The Plaintiff has again failed to state a claim upon which relief can be granted for the reasons previously stated. [Doc. 17 at 8-12].

The Plaintiff appears to assert a claim for negligence. [Doc. 19 at 3]. However, negligence provides no basis for a § 1983 action.[6] See Brice v. Virginia Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (deliberate indifference entails more than ordinary care or mere negligence).

---

[5] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

[6] Had the Plaintiff attempted to claim negligence under North Carolina law, the Court would decline to exercise supplemental jurisdiction, as no federal claim is sufficient to pass initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); see 28 U.S.C. § 1367(c)(3).

5

The Plaintiff also appears to assert a claim for retaliation. [See Doc. 19 at 20]. The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citing Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Further, in the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

The Plaintiff claims generally that the Defendants mistreated him and he refers to "retaliation"; however, he fails to support those conclusory claims with any supporting facts or intelligible theory. Therefore, to the extent that the Plaintiff attempts to state a claim for retaliation, it is frivolous and fails to state a claim upon which relief can be granted.

The Plaintiff's filings are so outlandish and unmoored from reality that the Court finds this entire action to be frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). The Plaintiff is cautioned that any further frivolous, malicious, insufficient, or vexatious filings in this Court may result in the imposition of sanctions, including a pre-filing injunction.

**IT IS, THEREFORE, ORDERED** that:

1) The Plaintiff's pro se "Motion to Propose Defendants" [Doc. 18] and "Motion for Emergency Release" [Doc. 19] are **DENIED**.

7

2) This action is **DISMISSED**, and the Clerk is instructed to terminate this action.

3) The Plaintiff is cautioned that any further frivolous, malicious, insufficient, or vexatious filings in this Court may result in the imposition of sanctions including a pre-filing injunction.

**IT IS SO ORDERED**.

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge